JOSEPH P. FALLIN, JR. AND MARY C. FALLIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fallin v. Commissioner
Docket Nos. 10964-90, 28568-90
United States Tax Court
T.C. Memo 1993-332; 1993 Tax Ct. Memo LEXIS 335; 66 T.C.M. (CCH) 250; July 27, 1993, Filed *335 For petitioners: Charles N. Woodward. For respondent: C. Glenn McLoughlin. PETERSON
PETERSON
MEMORANDUM OPINION PETERSON, Special Trial Judge: These consolidated cases are before the Court on petitioners' motion for reasonable litigation costs filed pursuant to Rule 231. (Unless otherwise indicated, all section references are to the Internal Revenue Code as in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure). A petition was filed in this case on May 29, 1990, for the taxable year 1985, and on December 24, 1990, for the taxable year 1986. A stipulation of settlement was filed by the parties on January 3, 1992. Petitioners filed a motion for award of litigation costs on January 3, 1992, and have requested litigation costs in the amount of $ 7,920.08. Respondent filed a notice of objection to petitioners' motion on March 4, 1992, objecting to petitioners' motion for litigation costs on the ground that respondent's position in the proceeding was substantially justified. Petitioners bear the burden of proof that they are entitled to such an award. Rule 232(e); . *336 Under section 7430, a petitioner may be awarded a judgment for reasonable administration and litigation costs if he (1) has exhausted administrative remedies, (2) has established that the position of respondent was not substantially justified, (3) has substantially prevailed with respect to the amount in controversy or with respect to the most significant issue or set of issues, (4) has met the net worth requirement, and (5) has not unreasonably protracted any portion of the administrative or court proceeding. The parties agree that petitioners have satisfied the above requirements, except the parties disagree as to whether or not respondent's position was not substantially justified in the court proceeding. Petitioners seek litigation costs for legal and related expenses incurred in filing their petition and proceeding in this Court. Under section 7430(c)(7)(A), respondent's court position is the position taken in the judicial proceeding. Section 7430(c)(6) defines the term "court proceeding" as "any civil action brought in a court of the United States (including the Tax Court and the United States Claims Court)." In the instant case, because petitioners do not ask for administrative *337 costs, the position of the United States is the position taken by respondent in this Court after the petitions for the years 1985 and 1986 were filed. Sec. 7430(c)(7)(A); , affg. in part, revg. in part, and remanding ; ; . Accordingly, we examine respondent's position on or after May 29, 1990, and December 24, 1990, the dates the petitions were filed in this Court. Petitioners contend that for each of the years 1985 and 1986, respondent's position in the judicial proceeding was not substantially justified. Petitioners argue, in essence, that respondent's position was not substantially justified because respondent adopted the same position as set forth in the notices of deficiency which were unreasonable. For the year 1985, respondent disallowed a net operating loss in the amount of $ 114,923, determined a gain of $ 18,000 rather than a loss of $ 44,460 from the disposition of a partnership interest, *338 determined a gain in the amount of $ 130,406 from the foreclosure of certain real estate, and determined petitioners' filing status as married filing separately. For the year 1986, respondent disallowed a net operating loss in the amount of $ 128,013. Petitioners contend that the positions taken in the notices of deficiency were not substantially justified because respondent's agent failed to consider certain documentation which was made available. Petitioners also contend that the notices of deficiency erroneously failed to allow petitioners joint income tax filing status. In essence petitioners contend that the revenue agent failed to consider all available documentation during the audit which caused respondent to take a position in the notices of deficiency which was not substantially justified. Respondent contends that even assuming the position taken in the notices of deficiency was not substantially justified, petitioners cannot prevail because respondent's position is not determined in the notices of deficiency, but in the judicial proceeding. Petitioners do not dispute that respondent's position in the judicial proceeding was reasonable. The record in this case clearly *339 supports respondent's position during the judicial proceeding. The issues in dispute in these cases relate solely to substantiating net operating losses, partnership losses, the bases of rental property, and whether petitioners were entitled to file joint income tax returns. Although petitioners argue that the revenue agent failed to consider relevant documentation, the record shows that petitioners did not have complete records to support the deductions claimed even at the appeals level where the case was eventually settled. There were no checks or other documentation to show partnership contributions or work papers to help verify basis of the property which was repossessed. In addition there was some confusion as to whether this property was owned by a corporation or held individually. At the appeals hearing petitioners' counsel admitted that checks requested by the examining agent were not available, and also, that not all of the Forms K-1 from the partnership returns were available. The appeals officer accepted something less than complete substantiation to settle the case. Further, the record shows that when the appeals officer referred the case back to the examining agent *340 to further investigate the net operating loss issue, the agent was unable to obtain adequate information to resolve this issue. However, in any event, petitioners readily agree that once the case was in docket status both the appeals office and district counsel resolved the issues in a fair, reasonable, and timely manner. It is well settled that where respondent does not unreasonably delay settlement and does not receive adequate substantiation of a taxpayer's position until after litigation has commenced, there is ordinarily no basis on which to find that respondent's position in the court proceeding was not substantially justified pursuant to section 7430. , vacated and remanded on another issue ; see . Accordingly, petitioners' motion will be denied. An appropriate order and decisions will be entered.